**Andriotis v. Taylor**

502

*Mark B. Stanziola,* for plaintiff.
*Henry R. Newton Jr.,* for defendant.

FORD, *J.,* February 1, 2011—On August 17, 2010, plaintiff gave birth to a son, Alexander. Plaintiff claims that she became pregnant with Alexander through an extra-marital affair that she had with defendant. Plaintiff brought a complaint for child support against defendant. Defendant filed preliminary objections which included an argument that the complaint against him must be dismissed due to the presumption in the law that plaintiff's husband is the father of Alexander in that plaintiff and her husband had an intact marriage at the time of Alexander's conception and birth. Based upon the evidence presented at the December 1 hearing, the court concludes that the presumption applies and plaintiff has not met her considerable burden in demonstrating the inapplicability of the presumption.

It is proper to address the matter of paternity of Alexander through a preliminary objection to the complaint for support. See *Scott v. Mershon,* 576 A.2d 67 (Pa. Super. 1990); and *Scott v. Mershon,* 657 A.2d 1304 (Pa. Super. 1995), where the presumption of paternity was the issue that was resolved through preliminary objections. Also, under Pa.R.C.P.1028(a)(4), a party is provided the opportunity

to challenge the legal sufficiency of a pleading in a preliminary objection. One of defendant's preliminary objections is a challenge to the legal sufficiency of the complaint, namely, that the plaintiff is not able to state a claim for support against the defendant where there is a presumption of paternity. Moreover, there was no objection by either party to the court's addressing the issue at this preliminary objection stage where evidence was received from both parties at the December 1 hearing. The parties also presented briefs and arguments to the court on this preliminary objection.

Pennsylvania's appellate courts have explained the presumption of paternity on many occasions. Consider the following:

> The presumption of paternity, i.e., the presumption that a child conceived or born during a marriage is a child of the marriage, has been described by our Supreme Court as "one of the strongest presumptions known to the law." (citation omitted) The policy underlying the presumption is the preservation of marriages. (citation omitted) Accordingly, our Supreme Court has held that the presumption of paternity applies only where the underlying policy to preserve marriages would be advanced by the application of the presumption. (citation omitted) When there is no longer an intact family or a marriage to preserve, then the presumption of paternity is not applicable. (citations omitted) *Vargo v. Schwartz*, 940 A.2d 459, 463 (Pa. Super. 2007).

Under some circumstances, the presumption of paternity can be rebutted.

[T]he presumption may be overcome by clear and convincing evidence that either of the following circumstances was true at the time of conception: The presumptive father, i.e., the husband, was physically incapable of procreation because of impotency or sterility, or the presumptive father had no access to his wife, i.e., the spouses were physically separated and thus were unable to have had sexual relations. (citations omitted) In Pennsylvania, impotency/sterility and non-access constitute the only ways to rebut the presumption of paternity. (citations omitted) *Vargo v. Schwartz*, 940 A.2d at 463.

There is also case law that the presumption can be overcome by clear and convincing evidence that there was lack of sexual intercourse between the husband and wife at the time of conception. *Connell v. Connell*, 477 A.2d 872, 875 (Pa. Super. 1984).

Plaintiff, Sara Andriotis, married Paul Andriotis in May, 2005. She has resided with him throughout the marriage to the present. They currently reside at 901 North VanBuren Street, Allentown, Lehigh County, Pennsylvania, 18019.

Beginning in spring or early summer of 2009, Ms. Andriotis had an affair with defendant, Derek Z. Taylor. On occasion, plaintiff would stay overnight at Mr. Taylor's residence. The parties engaged in sexual intercourse throughout the months of the affair. The parties disagree as to when the affair ended. Defendant testified it ended in August 2009. Plaintiff testified it extended at least through November of 2009 when Alexander was conceived. Plaintiff maintained her residence with her husband throughout the affair.

Plaintiff did not tell her husband, Mr. Andriotis, about the affair. He learned about it somehow because, on at least one occasion, he telephoned Mr. Taylor because of the affair.

Plaintiff delivered her child, Alexander Daniel Lyons (Lyons is the maiden name of plaintiff's mother), who is the subject of this support action, on August 17, 2010. From the conception of Alexander, through his birth, to the date of hearing, he resided in the same home with plaintiff and her husband. Defendant, Derek Taylor, denies responsibility for the child.

Mother testified that she ceased her marital relationship, including intimate relations, with her husband at the time that she started her affair with Mr. Taylor in spring or early summer of 2009. She claims she and her husband separated but continued to live under the same roof from then until the date of the hearing. She testified that she has wanted a divorce from Mr. Andriotis from the time she began the affair with Mr. Taylor and she told her husband that. Neither plaintiff nor her husband has filed for divorce. There are no documents, such as a separation agreement, attesting to the separated status that plaintiff claims for herself and her husband in their marital relationship.

Plaintiff filed a separate support action against her husband (Lehigh County no. DR-10-02025). Through the printed, standard language of that complaint, plaintiff alleges that her husband is the father of Alexander.

Although plaintiff testified that she and her husband have not lived as husband and wife since the first part of 2009, in September 2009, while plaintiff was having the

affair with Mr. Taylor, she refinanced the VanBuren Street residence. Her in-laws' names were removed from the deed to the VanBuren Street home and she re-titled that property naming her and her husband as the owners.

Plaintiff's husband, Mr. Andriotis, did not testify at the December 1 hearing.

Plaintiff testified that she has not wanted to reside with her husband from the first half of 2009 until the present but is compelled to do so for financial reasons. She testified that she refinanced the home, including putting her husband's name on the deed, for financial purposes so that she could reduce her monthly mortgage obligation.

With her inconsistent actions and lack of sufficient proof on aspects of her marriage with Mr. Andriotis, plaintiff has not presented clear and convincing evidence of the applicability of any of the accepted bases for overcoming the presumption that Alexander, conceived and born during plaintiff's marriage to Mr. Andriotis, was a child born of that marriage. Plaintiff has not proven to the court what has been happening in her marriage with Mr. Andriotis from 2009 to the present. Thus, it is necessary to sustain the preliminary objection that plaintiff has failed to present a claim against defendant, Mr. Taylor, upon which relief can be granted. This support action is dismissed.